24-538
Toaquiza-Tigasi v. Blanche

BIA
Gundlach, IJ
A240 479 333/334/335

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of July, two thousand twenty-six.

PRESENT:
PIERRE N. LEVAL,
STEVEN J. MENASHI,
MARIA ARAÚJO KAHN,
    *Circuit Judges.*
_____

FRANKLIN GABRIEL TOAQUIZA-
TIGASI, LUZ MYRIAM TOAQUIZA-
LUTUALA, N. D. T. T.,
    *Petitioners,*

    v.                                                    **24-538**
                                                          **NAC**

TODD BLANCHE, ACTING UNITED
STATES ATTORNEY GENERAL,
    *Respondent.*∗
_____

_____

∗ The Clerk of Court is respectfully directed to amend the official caption as set forth above.

**FOR PETITIONERS:** Michael Borja, Esq., Borja Law Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Assistant Attorney General; Papu Sandhu, Assistant Director; Victor M. Lawrence, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Franklin Gabriel Toaquiza-Tigasi, his wife Luz Myriam Toaquiza-Lutuala, and their minor son, natives and citizens of Ecuador, seek review of a February 15, 2024, decision of the BIA affirming a September 19, 2023, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Toaquiza-Tigasi, et al.*, Nos. A 240 479 333/334/335 (B.I.A. Feb. 15, 2024), *aff'g* Nos. A 240 479 333/334/335 (Immig. Ct. N.Y. City Sept. 19, 2023). We assume the parties' familiarity with the underlying facts and procedural history. We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

2

## I. Asylum & Withholding of Removal

An applicant for asylum and withholding of removal has the burden to establish past persecution or a fear of future persecution, and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b); *see also Quituizaca v. Garland*, 52 F.4th 103, 105–06, 109–14 (2d Cir. 2022) (holding that the "one central reason" standard applies to both asylum and withholding of removal). "Whether the requisite nexus exists depends on the views and motives of the persecutor," *Paloka v. Holder*, 762 F.3d 191, 196–97 (2d Cir. 2014) (quotation marks omitted), and the protected ground must be more than "incidental or tangential to another reason for harm," *Quituizaca*, 52 F.4th at 114–15 (quotation marks omitted). We review the agency's nexus determination for substantial evidence and treat the "administrative findings" as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282 (2d Cir. 2006) (applying the substantial evidence standard to a nexus determination).

Toaquiza-Tigasi does not address, and thus abandons any challenge to, the

3

IJ's determination that he failed to establish a nexus between the threats from his ex-girlfriend's family and his proposed group of "indigenous Ecuadorian fathers who struggle to pay child support." *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)). He instead argues, for the first time, that he established a separate social group based on his familial connection to his ex-girlfriend and their child. Regardless of the specific social group, substantial evidence supports the IJ's nexus determination because the record shows that Toaquiza-Tigasi's alleged persecutors were primarily motivated by personal animus against him for falling behind on child support payments. *See Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 199 (2d Cir. 2021) ("[F]ears of retribution over purely personal matters . . . do not constitute cognizable bases for granting asylum." (quotation marks omitted)). The lack of nexus is dispositive of asylum and withholding of removal. *See Quituizaca*, 52 F.4th at 109–14.

**II.    CAT Relief**

The BIA found that Toaquiza-Tigasi waived his CAT claim by not addressing it on appeal. When, as here, the BIA determines that a claim has been

4

waived, "this Court's review is limited to whether the BIA erred in deeming the argument waived." *Prabhudial v. Holder*, 780 F.3d 553, 555–56 (2d Cir. 2015). The BIA did not so err. Toaquiza-Tigasi failed to challenge the IJ's denial of protection under CAT before the BIA, and, in any event, has abandoned his CAT claim because he does not address the BIA's waiver finding in his petition for review. *See Debique*, 58 F.4th at 684.

**III.    Referral to the Grievance Panel**

A copy of this order will be forwarded to this Court's Grievance Panel. Petitioners' brief does not sufficiently address dispositive issues, and it does not sufficiently cite the record. *See* Fed. R. App. P. 28(a)(8) ("the argument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). Moreover, Petitioners' counsel, Michael Borja, repeats arguments which we have rejected in his prior cases. *See, e.g.*, *Chamba-Alvarez v. Garland*, No. 21-6072, 2023 WL 6439401, at *1 n.1 (2d Cir. Oct. 3, 2023) (summary order) (rejecting contention that the "one central reason" standard does not apply to withholding of removal); *Sinchi-Montalvan v. Garland*, No. 22-6400, 2024 WL 4690813, at *2 (2d Cir. Nov. 6, 2024) (summary order) (rejecting Mr. Borja's assertion that CAT relief does not require

acquiescence); *Guerrero-Andachz v. Bondi*, No. 23-7943, 2025 WL 2810831, at *2 n.5 (2d Cir. Sept. 30, 2025) (summary order) (same).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
